PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ESTEBAN MACAYA MORALES, ETC., Defendant and Appellant.

No. 4755. Argued May 27, 1932.—Decided June 3, 1932.

*Ildefonso Freyre* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

The information filed in this case reads as follows:

"The district attorney charges Pablo Lugo Quiñones and Esteban Macaya Morales, known as Pepe Macaya, with the crime of assault with intent to commit murder, a felony, as follows:

"The said defendants, Pablo Lugo Quiñones and Esteban Macaya Morales, known as Pepe Macaya, on or about one day in December, 1930, in Cabo Rojo, which forms part of the judicial district of Mayagüez, P. R., unlawfully, wilfully, and criminally assaulted and battered Julio Fernández, a human being, with a revolver and a file, inflicting several bullet and sharp wounds on his body, with the intent then and there to commit murder on the person of said Julio Fernández."

The court having granted a motion filed by defendant Pablo Lugo for a separate trial, Esteban Macaya Morales was the only defendant tried.

The case was tried, before the District Court of Mayagüez, by a jury which convicted the defendant of aggravated assault and battery, and the court sentenced him to be confined one year and six months in jail. The defendant took an appeal from that judgment to this Court, and he has filed a brief in which he assigns the following errors:

"1. The District Court of Mayagüez erred in allowing the witnesses for the prosecution, at the trial where Esteban Macaya Morales was the only defendant, to testify at length, over the objection of the defendant, as to acts committed by Pablo Lugo Quiñones.

"2. The district court erred in refusing to permit Dr. Ramírez,

a witness for the prosecution, to answer questions, when cross-examined by the defense, regarding the distance and position in which the shot was fired that wounded Julio Fernández.

"3. The district court erred in instructing the jury.

"4. The jury manifestly erred in weighing the evidence, which is of such a character that it fails to justify the verdict and is not sufficient to support the judgment or sentence.

"5. The district court erred in sentencing the defendant to one year and six months in jail."

The first error refers to the objection raised by the defense to the witnesses for the prosecution testifying extensively at the trial of Esteban Macaya Morales, as to acts committed by Pablo Lugo Quiñones.

The facts which led to the inflicting of a bullet wound on Julio Fernández are so intimately connected with each other that it becomes impossible to separate them because they form part of the same transaction and occurred simultaneously after the arrival of Esteban Macaya Morales at the place where the facts took place. The information was directed against the defendant-appellant and Pablo Lugo, but the latter moved for and obtained a separate trial. According to the evidence for the prosecution, while Pablo Lugo and Julio Fernández were fighting, Esteban Macaya intervened and fired his revolver against Julio Fernández, wounding him in the left scapular region. According to the evidence for the defendant, while Pablo Lugo and Julio Fernández were fighting, the former holding a file and the latter a revolver, Esteban Macaya intervened to separate them and while the three were wrestling a shot was fired from the revolver and wounded Julio Fernández.

As may be seen, both the prosecution and the defense agree as to the facts which brought about the intervention of the defendant. Counsel for the defendant objected to the introduction of evidence regarding the movements of Pablo Lugo; but when the evidence for the defendant was introduced his own witnesses voluntarily described the fight

between Pablo Lugo and Julio Fernández from start to finish. The lower court did not err in admitting such evidence.

The second error assigned is that the court did not allow Dr. Ramírez to testify as to the distance and position regarding the shot that wounded Julio Fernández. The question asked by the defense that gave rise to objection from the district attorney and the ruling of the trial court was as follows: "Could such a wound be inflicted without shooting from behind?" Whatever might have been the answer to that question, we fail to see that the defendant was prejudiced in any way by its exclusion. The witness was asked to testify regarding a possible fact and even conceding that the question had been answered affirmatively, as the possibility of the shot having been fired from behind was not precluded, the jury had before them the facts to be weighed by them on which to base a verdict in accordance with the evidence. A son of the party injured was the only witness for the prosecution to testify that the defendant shot Julio Fernández from behind. The theory of the defense does not preclude the possibility of Julio Fernández having been wounded from behind, because, as stated by his own witnesses, the shot was fired while the accused, Lugo and Fernández were mixed up in the fight, and as no evidence had been produced as to the position of the combatants when the shot was fired, even if such evidence for the accused had been accepted as correct, it would have been impossible to determine accurately the position occupied by the fighters.

The third assignment of error purports to cover all the instructions given by the court to the jury; but in his argument under such assignment, the defendant merely confines himself to attacking the instruction wherein the court characterized the witnesses for the prosecution as eyewitnesses and those for the defendant as self-styled eyewitnesses. The instruction complained of reads as follows:

"Gentlemen of the jury: The evidence in the present case is conflicting; there is conflict between the testimony of the eyewitnesses for the prosecution and of those for the defendant who are self-styled eyewitnesses. The conflict is such that absolutely there is no way to harmonize, to reconcile the statements. It is not the case of a mistake occurring in many of the statements: that a person sees something and another sees differently. This would be a matter of detail. Some witnesses fix their attention on some details, others fix theirs on other details, and they disagree as to particulars regarding the facts; but as regards the main facts they must concur, they must agree. A revolver shot can not be a stab; it can not be said by some that it was a shot, and by others that it was a stab; this is an illustration.

"It devolves upon the jury to decide as to the credibility of the witnesses; to decide as to which witnesses have told the truth and which have testified falsely."

We do not, by any means, approve the statement in the instruction objected to, which we consider inopportune and improper and which could even be characterized as biased; but it does not seem to us necessarily erroneous when considered in connection with the rest of the instruction just transcribed. It does not appear from the record that the defendant and appellant called the attention of the court, or that he requested any additional instruction so as to give the court an opportunity to correct any mistake which the defendant thought it had committed in giving its instructions. Immediately after the instruction complained of by the defendant, the court instructed the jury that it devolved upon them to decide as to the credibility of the witnesses and to decide as to which witnesses had told the truth and which had testified falsely.

The fourth assignment refers to the weighing of the evidence by the jury. The jury, in the exercise of their discretion, weighed the evidence introduced and adjusted the conflict existing between the evidence for the prosecution and that for the defendant by convicting the latter. No ground is shown to justify us in disturbing the weighing of the evidence and the verdict of the jury who, in the exercise of

their discretion, gave credence to the testimony of the witnesses for the prosecution.

Lastly, it is claimed that the district court erred in sentencing the defendant to one year and a half in jail. It is our opinion that the court did not err as claimed.

The judgment appealed from must be affirmed.